**\*E-FILED 08-09-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>DANIEL LOPEZ,<br><br>             Defendant. | No. C10-03348 HRL<br><br>**ORDER REFERRING CASE TO JUDGE WARE FOR RELATED CASE DETERMINATION**<br><br>**REPORT AND RECOMMENDATION** |

The instant action is hereby referred to Judge Ware for a determination whether it is related, within the meaning of Civil Local Rule 3-12, to *Aurora Loan Services, LLC v. Alvarado, et al.*, Case No. C10-00519 JW.

Earlier this year, Daniel Lopez attempted to remove this unlawful detainer action from Santa Clara County Superior Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. That attempt failed because there was no showing that the action arose under federal law. Nor did the court find any basis for diversity jurisdiction. (*See* C10-00519 JW, Docket No. 10).

Now, for the second time, Lopez attempts to remove the very same unlawful detainer action. He also seeks leave to proceed *in forma pauperis* (IFP). Lopez's current attempt at removal fares no better. For the reasons stated below, the undersigned recommends that Lopez's IFP application be granted, but that this action nonetheless be summarily remanded to state court.

A court may authorize the commencement of a civil action IFP if the court is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the [litigant's] financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Lopez's application indicates that his assets and income are insufficient to enable him to pay the filing fee. Accordingly, his application to proceed without the payment of the filing fee should be granted.

However, the court's grant of the IFP application does not mean that Lopez may continue with this action here. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff Aurora Loan Services LLC ("Aurora") filed this unlawful detainer action on November 20, 2009[1] in Santa Clara County Superior Court. The record presented indicates that plaintiff acquired the subject property through a foreclosure sale in or about October 22, 2009. The complaint alleges that plaintiff served defendants with a notice to vacate, but defendants refused to deliver possession of the property. (Complaint, ¶¶ 6-8).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-*

---

[1] It would appear that the removal is outside the thirty-day period for which removal is proper. 28 U.S.C. § 1446(b). However, as a procedural requirement, a federal court cannot remand sua sponte on this basis. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

1  *Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*,
2  980 F.2d 564, 566 (9th Cir. 1992)).

3  Here, Lopez asserts that removal is proper based on federal question. Federal courts
4  have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of
5  the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the
6  "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v.*
7  *Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal
8  question do not satisfy this requirement. *Id.* at 1273.

9  Lopez fails to support his assertion that this action arises under federal law. He asserts
10 that Aurora has violated federal and state law in connection with the unlawful detainer
11 proceedings. (Notice of Removal at 3-7). However, Lopez's allegations in his removal notice
12 or in a response to plaintiff's complaint cannot provide this court with federal question
13 jurisdiction. The plaintiff's complaint states only a cause of action for unlawful detainer; it
14 does not allege any federal claims whatsoever. Accordingly, Lopez has failed to show that
15 removal is proper on account of any federal substantive law. Nor does the complaint on its face
16 establish that this court might have subject-matter jurisdiction based on diversity.[2] *See* 28
17 U.S.C. § 1332(a).

18 The undersigned therefore RECOMMENDS that the instant action be summarily
19 remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil
20 Procedure 72(b), any party may serve and file objections to this Report and Recommendation
21 within fourteen days after being served.

22 Dated: August 7, 2010

23
24 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE
25

---

[2] Lopez does not establish diversity of citizenship in his removal notice, and a review of the record shows that the unlawful detainer action was filed as a "Limited" civil action in which the amount demanded is $25,000 or less. Plaintiff otherwise apparently seeks only judgment for possession of the property and the costs of suit. (Complaint at 3).

3

1  5:10-cv-03348-HRL Notice mailed to:

2  David R Endres:   dendres@dre-apc.com

3  Daniel Lopez
   37 Union Street
4  San Jose, CA 95110

**United States District Court**
For the Northern District of California